UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEEFE KAPLAN MARITIME, INC.

    Plaintiff,

    v.

NIKOLAI TEHIN, and individual, *in personam*, and the S/V ESCAPADE, Official No. 237297, and her engines, gear, tackle, appurtenances, etc., *in rem*

    Defendants.
_____/

No. C05-0314 WDB

**ORDER FOR SUPPLEMENTAL BRIEFING AND RE REQUEST TO SHORTEN TIME FOR APPLICATION FOR SALE AND RIGHT TO CREDIT BID**

The Court has received plaintiff's letter, dated and filed August 23, 2005, requesting that the Court shorten time to hear plaintiff's Application for An Order Directing the Marshal to Conduct Admiralty Execution Sale and for Right to Credit Bid ("Motion for Sale and Credit Bid"). The Court ORDERS as follows.

    1.    **By September 2, 2005,** plaintiff MUST FILE AND SERVE supplemental papers responding to the following:

        a.    Counsel's billing records state that there is a "party who alleges to have purchased Wells Fargo's mortgage interest in the Escapade." *See*, Cox Decl., at Ex. 7. Has that party been notified of these proceedings, and, if not, what is the justification for failing to notify

1

|   |   |   |
|---|---|---|
| | | that party when the Admiralty Local Rules require plaintiff to serve "every . . . person . . . known to have an interest in the property"? |
| | b. | Counsel's billing records state, "[p]hone call from Paul Kaplan discussing and agreeing how it is preferable to have Queeny from Arizona remain a sleeping dog." Cox Decl., at Ex. 7. Who is "Queeny"? Is there any reason to believe that this person might have some interest in the vessel? Has this person been notified of these proceedings, and, if not, what is the justification for failing to notify that party when the Admiralty Local Rules require plaintiff to serve "every . . . person . . . known to have an interest in the property"? |
| | c. | Is there a reasonably reliable basis for knowing the market value of the vessel S/V Escapade, and, if so, what is the estimated market value of that vessel? |
| | d. | Plaintiff states that it is seeking interest under both the repair contract and Admiralty Local Rule 6-3. *E.g., compare*, Kaplan Decl., at ¶¶11 and 12 with Application at 2:21. What is the proper source of authority for determining the rate of pre-judgment interest? Additionally, plaintiff has not identified the amount of each <u>separate</u> element of the requested judgment. Plaintiff must set forth an itemization of its requested judgment that <u>separately</u> identifies principal, storage, interest, and any other items sought in the judgment and clearly states the period (using dates certain) to which those amounts relate. |

2. The Court GRANTS plaintiff's request to shorten time to hear its Motion for Sale and Credit Bid.

**On September 26, 2005, at 1:00 p.m.**, following the hearing on plaintiff's Motion for Default Judgment, the Court will conduct a hearing in connection with plaintiff's

2

1 | Motion for Sale and Credit Bid.  <u>Plaintiff must immediately serve a copy of its Motion
2 | for Sale and Credit Bid, response to items in paragraph 1 above together with a copy of
3 | this Order on defendant and all other known interested non-parties.</u>

All **oppositions** to plaintiff's Motion for Default Judgment **and/or** the Motion for Sale and Credit Bid **and** all responses to the supplemental materials served in response to paragraph 1 above must be filed and served **by September 16, 2005**.

Plaintiff waives the right to file a written reply.

IT IS SO ORDERED.

Dated: August 23, 2005

                                                /s/ Wayne D. Brazil
                                          WAYNE D. BRAZIL
                                          United States Magistrate Judge

copies e-mailed to:
parties of record,
cc: wdb, stats

counsel for plaintiffs to
serve on defendants and other interested parties

3