UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEEFE KAPLAN MARITIME, INC.

    Plaintiff,

        v.

NIKOLAI TEHIN, and individual, *in personam*, and the S/V ESCAPADE, Official No. 237297, and her engines, gear, tackle, appurtenances, etc., *in rem*

    Defendants.
_____/

No. C05-0314 WDB

**ORDER TO REASSIGN THIS ACTION AND**

**REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT AND APPLICATION FOR ORDER FOR EXECUTION SALE AND RIGHT TO CREDIT BID**

Plaintiff is Keefe Kaplan Maritime, Inc., ("KKMI"), a "full service marine yard." Verified Complaint for Breach of Contract and Enforcement of Maritime Lien, filed January 24, 2005 ("Complaint"), at ¶3. Defendants are Nikolai Tehin, an individual and the putative owner of a vessel called the S/V Escapade, and the vessel S/V Escapade, Official No. 237297.

Plaintiff alleges that it and defendant Tehin entered a contract for extensive repair work on the S/V Escapade. Complaint at ¶6; Declaration of Paul Kaplan in Support of Plaintiff's Application for Default Judgment By Court, filed June 27, 2005 ("Kaplan Decl.") at Ex.1. According to plaintiff, it performed some repair work on the vessel and

1

billed Mr. Tehin for that work, but Mr. Tehin has not paid the balance in full. Complaint at ¶10; Kaplan Decl., at ¶¶8-9.

On January 24, 2005, plaintiff filed this action alleging claims for breach of contract and enforcement of statutory lien. KKMI sues Mr. Tehin for breach of contract and seeks a judgment of damages for repair and storage costs, interest thereon, attorneys' fees and litigation costs, and costs incurred operating as the custodian of the vessel following its arrest. Additionally, plaintiff asserts that it has obtained a maritime lien as against the vessel S/V Escapade pursuant to the repair contract and 46 U.S.C. §31342 and seeks a judgment, *in rem*, against the vessel for repair and storage costs, interest thereon, and costs incurred as the custodian of the vessel following its arrest.

On March 10, 2005, plaintiff served Mr. Tehin with a copy of the Summons and Complaint. See, Declaration of Terence S. Cox in Support of Application for Default Judgment by Court, filed June 27, 2005, ("Cox Decl.") at Ex. 1. Plaintiff also published notice of the action and arrest of the vessel in two newspapers. Cox Decl., at Ex. 2 and 3. Defendants have not responded to plaintiff's complaint. In response to plaintiff's application for entry of default, the Clerk of the Court entered default as to defendants on April 13, 2005. On June 27, 2005, plaintiff filed and served its Application for Default Judgment ("Motion"). Defendants also received notice that the Court would conduct a hearing on September 26, 2005, in connection with plaintiff's Motion for Default Judgment and plaintiff's Application for Order Directing Marshal to Conduct Admiralty Execution Sale on Judgment, and for Right to Credit Bid at Vessel Sale, filed August 30, 2005 ("Application"). Proof of Service, serving Mr. Tehin, filed September

//
//
//
//
//
//

7, 2005.[1]  Plaintiff also notified all known potentially interested parties of these proceedings.  See, various proofs of service on file.

On September 26, 2005, this Court conducted a hearing in connection with plaintiff's Motion and Application.  No appearance was made on defendants' behalf or on behalf of any nonparty.  See, Transcript of September 26, 2005, hearing.

Because defendants have not appeared in this action, this Court has not secured consent as required by 28 U.S.C. §636(c).  Accordingly, we make the following Report and Recommendation and ORDER the Clerk of the Court to randomly reassign this action to a District Judge.

## I.   Entry of Default Judgment

Plaintiff moves for entry of default judgment pursuant to F.R.C.P. 55(b), and Admiralty Local Rules 6-1 and 6-2.

### A.   Default Judgment against Mr. Tehin individually

Plaintiff properly served Mr. Tehin's attorney with notice of this action.  Cox Decl., at Ex. 1.  Mr Tehin has not responded.  The Clerk of the Court entered default against both defendants on April 13, 2005.  Accordingly, we RECOMMEND that the District Judge to whom this case is reassigned find that plaintiff is entitled to entry of default judgment against Mr. Tehin, individually.  We describe in a subsequent section the content that we recommend this judgment include.

//
//

---

[1] The hearing was originally scheduled for August 1, 2005.  At plaintiff's request, that hearing was continued to August 16, 2005, to provide time to serve a potentially interested party.  Plaintiff then sought to continue the hearing a second time in order to perfect notice to potentially interested parties and to serve Mr. Tehin directly.  The Court continued the August 16th hearing to September 26, 2005.  See, Order for Supplemental Briefing and re Request to Shorten Time for Application for Sale and Right to Credit Bid, filed August 23, 2005.

3

**B.      Default Judgment against S/V Escapade *in rem***

Admiralty Local Rule 6-2 states that,

Default will be entered upon a showing that:

(a) Notice has been given as required by Admir. L.R. 6-1;
(b) The time to answer has expired, and
(c) No one has filed a verified statement of right or interest in the property.

### 1.      Notice

In order to obtain default judgment in an action *in rem* Admiralty Local Rule 6-1(a) requires plaintiff to provide notice of the action and arrest of the vessel:

(1) By publication as required in F.R.Civ.P. Supp. C(4);
(2) By service upon the master or other person having custody of the property; and
(3) By service under F.R.Civ.P. 5(b) upon every other person who has not appeared in the action and is known to have an interest in the property.

Plaintiff has provided adequate notice of this action and of the arrest of the vessel. First, plaintiff placed a notice of this action in The Recorder, a newspaper designated by this Court for the provision of notice about an arrest of a vessel. Admiralty L.R. 4-2(a) and Civil L.R. 77-4(c)(1); Cox Decl., at Ex. 2 and 3.[2]  Second, Mr. Tehin, the owner of the vessel, was personally served, through his attorney, with the Complaint and documents reflecting arrest of the vessel. Cox Decl., at Ex. 1. Finally, plaintiffs properly served copies of the Complaint and notice of the arrest of the vessel, as well as additional documents filed in this action, on each of the nonparties known to plaintiff to potentially have an interest in the vessel, including Wells Fargo Bank, Pamela Stevens, Jim Queeny, and the State Board of Equalization. Cox Decl., at Ex. 4; various proofs of Service on file.

//
//

---

[2] Notice was also provided in the West County Times. Because notice via The Recorder is legally sufficient, we make no finding as to whether the West County Times constitutes a newspaper of " general circulation."

4

### 2. Time to Answer

The time to answer has expired. Defendants have filed no answer.

### 3. Claims of Interest

Each of the potentially interested nonparties was served with notice of the proceedings generally and was served with notice of the September 26, 2005, hearing and their opportunity to respond to plaintiff's motions. None of the potentially interested nonparties filed a claim of interest. Nor did any appear at the hearing.

Accordingly, we RECOMMEND that the District Judge to whom this case is reassigned find that plaintiff has satisfied the requirements of the Admiralty Local Rules for obtaining default judgment against the vessel *in rem*.

Next, we determine plaintiff's damages.

## II. Damages

Plaintiff seeks two judgments. Plaintiff seeks judgment against Mr. Tehin, individually, pursuant to the contract for repair and storage costs, prejudgment interest thereon, *custodia legis* expenses, attorneys' fees and litigation costs. Plaintiff also seeks judgment against the vessel, *in rem*, based on a statutory maritime lien for repair and storage costs, prejudgment interest thereon, and *custodia legis* expenses.

### A. Special Circumstances Affecting Entitlement to Prejudgment Interest

Plaintiff seems to seek prejudgment interest on the cost of storing the vessel only through January 25, 2005, apparently on the theory that interest is not normally ordered on *custodia legis* expenses. In this case, however, the plaintiff entity bore all the storage and *custodia legis* expenses from the outset and will continue to bear those costs through the entry of the final judgment. In that setting, we see no principled reason, in the exercise of our equity power, not to award prejudgment interest on the *custodia legis* expenses as actually incurred.

### B. Judgment against Mr. Tehin

Plaintiff and Mr. Tehin entered a contract for repair work. See, Kaplan Decl., at Ex. 1. In that contract Mr. Tehin accepted liability for repair costs and storage relating to the S/V Escapade and agreed to pay a finance charge of 18% per annum, attorneys' fees, court costs, Marshal's seizure fees, and custodial fees in the event of a lawsuit or arrest of the vessel resulting from nonpayment. See, Kaplan Decl., Ex. 1 at p. 2.

Mr. Tehin breached the agreement by failing to pay for the repair work, requiring plaintiff to initiate these legal proceedings. Kaplan Decl., at ¶ 8-9. Accordingly, we RECOMMEND that the District Court enter judgment in the amount $133,670.13 against Mr. Tehin, individually, for repair costs and storage/*custodia legis* expenses through August 31, 2005, plus prejudgment interest at the rate of 18% per annum. We also RECOMMEND that the District Court enter judgment against Mr. Tehin in the amount $17,138.09 for attorneys' fees and costs. See, Kaplan Decl., at Ex. 2 and 3; Plaintiff's Supplemental Brief in Response to Court Order Dated August 23, 2005, filed August 31, 2005, ("Supp. Brief") at Ex. D.

The storage costs include the cost of storage through January 25, 2005, under the contract, and then *custodia legis* expenses from January 26, 2005, through August 31, 2005.[3] Supp. Brief, at Ex. D. Plaintiff's counsel represented that the amount charged to house and protect the vessel is the same whether labeled "storage" or "*custodia legis*." See, Transcript of September 26, 2005, hearing. Plaintiff also asks that any judgment against Mr. Tehin include $153.30 per day from September 1, 2005, through the date of entry of the judgment for continuing *custodia legis* expenses. Supp. Brief, at Ex. D; Cox Decl., at 21; Kaplan Decl., at 14-15. We RECOMMEND that the District Court grant plaintiff's request for an additional $153.30 per day from September 1, 2005, through

---

[3] On the record at the September 26, 2005, hearing, plaintiff indicated that general storage costs became "*custodia legis*" on January 27, 2005. Based on the papers submitted by plaintiff, this date actually appears to be January 26, 2005. The distinction is irrelevant however, because the costs is the same whether labeled "storage" pursuant to the contract or "custodia legis."

6

the date the District Court enters judgment plus prejudgment interest at the rate of 18% per annum.

The recommended judgment includes prejudgment interest charged at the contract rate of 18% per annum. Kaplan Decl., at ¶12; Supp. Brief, at Ex. D. To the extent that it is within the Court's discretion to set the applicable rate of prejudgment interest based on the equities of the case, we RECOMMEND that the District Court apply the contractual rate of 18%. Mr. Tehin was a practicing attorney and freely agreed to this contract provision. Moreover, because defendant has defaulted on the contract, the equities clearly favor plaintiff's interests as opposed to defendant Tehin's.

The recommended judgment includes an award of attorneys' fees and costs in the amount $17,138.59. Cox Decl., at ¶18. The contract entitled the "prevailing party" in litigation to recover reasonable attorneys' fees and costs. Kaplan Decl., at Ex. 1. If the District Court adopts our recommendation and enters judgment in plaintiff's favor and against Mr. Tehin, plaintiff will be the "prevailing party," entitling it to recover reasonably incurred attorneys' fees and costs. We RECOMMEND that the District Court find that plaintiff's fee request is reasonable.

Plaintiff seeks reimbursement for work conduct by Messrs. Cox, Hansen and Schwartz at the rates of $375, $360, and $190 per hour. Cox Decl., at ¶19. Mr. Hansen elaborated on the attorneys' levels of experience at the September 26, 2005, hearing. See, Transcript. Based on this Court's experience with matters such as this, plaintiff's counsel's billing rates are commensurate with the prevailing market rate in the Bay Area for lawyers of counsel's skill and experience.[4]

Additionally, we have reviewed counsel's billing statements in this matter and RECOMMEND that the District Court find that the kinds of tasks conducted by counsel

---

[4] Max L. Kelly, Esq., also appeared at the hearing on plaintiff's behalf. It does not appear that plaintiff's fee request currently includes time billed by Mr. Kelly. See, Cox Decl., at Ex. 7. Mr. Kelly represented on the record that his billing rate is $205 per hour. Based on Mr. Kelly's representations about his experience we find that his rate is commensurate with the prevailing market rate in the Bay Area for lawyers of his skill and experience who perform the kind of work undertaken in this action.

were reasonably undertaken and that counsel expended a reasonable number of hours completing these tasks.  See, Cox Decl., at Ex. 7.

Finally, we reviewed plaintiff's request for costs.  The items for which reimbursement are sought constitute taxable costs and/or constitute out-of-pocket expenses normally chargeable to the client.  Cox Decl., at ¶18; Cox Decl., at Ex. 7.  For that reason, we RECOMMEND that the District Court grant plaintiff's request for litigation costs.

### C. Judgment against the Vessel S/V Escapade

Plaintiff seeks judgment against the S/V Escapade, *in rem*, pursuant to the repair contract and 46 U.S.C. §31301 & §31342(a).  Cox Decl., at ¶17; Transcript of September 26, 2005, hearing.  Section 31342(a) states:

> [A] person providing necessaries to a vessel on the order of the owner . . . (1) has a maritime lien on the vessel; [and] (2) may bring a civil action in rem to enforce the lien.

"Necessaries include repairs, supplies, towage, and use of dry dock or marine railway." 46 U.S.C. §31301.  The statute's list, however, is

> not exhaustive, and in fact, modern admiralty jurisprudence interprets "necessaries" broadly, as anything that facilitates or enables a vessel to perform its mission or occupation.  The term "necessaries" includes most goods or services that are useful to the vessel and keep her out of danger." "Necessaries" indubitably include the things a prudent owner would provide to enable a ship to perform her particular function.

*Ventura Packers*, 305 F.3d 913 (9th Cir. 2002) internal citations omitted (emphasis added).

Repair costs are recoverable pursuant to the clear language of the statute.  We RECOMMEND that the District Court also find that storage, *custodia legis* expenses, and prejudgment interest all satisfy the broad definition of "necessaries" recoverable pursuant to plaintiff's maritime lien.  *Accord, In re Buholm Fisheries, Inc.*, 308 B.R. 491 (W.D. WA 2003) (prejudgment interest is sufficiently part of the underlying "necessaries" to be recoverable on a maritime lien).

Moreover, courts routinely award prejudgment interest in maritime cases. We recommended that the District Court use the <u>contract</u> rate with respect to prejudgment interest accruing against <u>Mr. Tehin</u>. However, Admiralty L.R. 6-3 provides that, "unless a judge directs otherwise," the rate of prejudgment interest on default judgment for an action *in rem* is that provided by 28 U.S.C. §1961. We see no reason to depart from this Court's Local Rule with respect to the *in rem* judgment. Therefore, we RECOMMEND that the District Court award prejudgment interest as against the vessel at the rate specified by 28 U.S.C. §1961 at the time judgment is entered.

For the reasons stated above, we RECOMMEND that the District Court enter judgment in plaintiff's favor and against the vessel S/V Escapade *in rem* in the amount $133,670.13, for repair costs and storage/*custodia legis* expenses through August 31, 2005. We further RECOMMEND that the District Court award prejudgment interest at the rate specified by 28 U.S.C. §1961. We also RECOMMEND that the District Court award plaintiff additional *custodia legis* expenses in the amount $153.30 per day from September 1, 2005, through the date of entry of judgment, as well as statutory interest thereon.

### III. <u>Application for Order of Sale</u>

Plaintiff seeks an order directing the marshal to conduct an execution sale of the vessel S/V Escapade. See, Application. We RECOMMEND that the District Court grant plaintiff's request on the condition that plaintiff publish notice of the sale in The Recorder **and** The San Francisco Chronicle within the time frame provided by Admiralty Local Rule 9-2.

Admiralty L.R. 9-2(c) provides that the marshal must make report of the sale to the Court and that, absent a contrary order, <u>if no written objection is filed within 3 days the sale shall stand confirmed as of course</u>. Because it is unlikely that there will be a

significant market for the vessel,[5] and because there is a substantial likelihood that plaintiff will obtain the vessel via a credit bid (see *infra*), we RECOMMEND that, in lieu of the procedure described in Admiralty L.R. 9-2(c), the District Court require plaintiff to apply to the Court for approval of the sale immediately following its conclusion and that the sale not be "final" until confirmed by the Court.

We further RECOMMEND that the District Court refrain from determining the amount of any deficiency judgment against Mr. Tehin until such time as the Court has confirmed the sale of the vessel. At that time, the Court will be better positioned to determine whether to offset the judgment against Mr. Tehin by the sale price or by the fair market value of the vessel. *See, Bollinger and Boyd Barge Service, Inc., v. Motor Vessel, Captain Claude Bass*, 576 F.2d 595 (5th Cir. 1978); *Enserco, L.L.C. v. Drilling Rig Noram*, 126 F.Supp.2d 443 (S.D. TX 2000).

## IV.   Right to Credit Bid

Admiralty L. R. 9-2(b) permits a creditor to credit bid as long as it files and serves an affidavit, swearing to the amount of the secured indebtedness, on all parties no later than ten days prior to the date of sale. We RECOMMEND that the District Court grant plaintiff's request for permission to credit bid at the execution sale up to the amount of the judgment entered against the vessel *in rem* on the condition that plaintiff file and serve an affidavit as provided by Admiralty L.R. 9-2(b).

## V.   Conclusion

The undersigned hereby ORDERS the Clerk of the Court to randomly reassign this action to a District Judge.

We RECOMMEND that the District Judge to whom the Clerk reassigns this matter grant plaintiff's request for entry of default judgment in favor of plaintiff and against

---

[5] See, Appraisal attached to Declaration of Max L. Kelly in Support of Supplemental Briefing in Response to Court Order Dated August 23, 2005, filed September 9, 2005.

Nikolai Tehin, *in personam*, for (1) repair costs and storage/*custodia legis* expenses through August 31, 2005, in the amount $133,670.13, (2) *custodia legis* expenses from September 1, 2005, through entry of judgment at the rate of $153.30 per day, (3) prejudgment interest on the items in (1) and (2) at the contract rate of 18% per annum, and (4) attorneys' fees and costs in the amount $17,138.09.

We RECOMMEND that the District Judge to whom the Clerk reassigns this matter grant plaintiff's request for entry of default judgment in favor of plaintiff and against the vessel S/V ESCAPADE *in rem* for (1) repair costs and storage costs through August 31, 2005, in the amount $133,670.13, (2) *custodia legis* expenses incurred from September 1, 2005, through the date of entry of judgment at the rate of $153.30 per day, and (3) prejudgment interest on the items in (1) and (2) at the rate established by 28 U.S.C. §1961.

We also RECOMMEND that the District Court order the marshal to conduct an execution sale of the vessel and permit plaintiff to credit bid at the sale up to the amount of plaintiff's judgment *in rem* on the conditions stated herein, and that the District Court determine the amount by which to offset the judgment against Mr. Tehin following confirmation of the sale.

PLAINTIFF MUST IMMEDIATELY SERVE A COPY OF THIS REPORT AND RECOMMENDATION ON DEFENDANTS and ALL KNOWN POTENTIALLY INTERESTED PARTIES.

IT IS SO REPORTED AND RECOMMENDED.

Dated: September __, 2005

/s/ Wayne D. Brazil
WAYNE D. BRAZIL
United States Magistrate Judge

copies e-mailed to:
parties of record,
cc: District Judge, Clerk,
wdb, stats

counsel for plaintiffs to
serve on defendants